**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

- 0  Valuation of Security
- 0  Assumption of Executory Contract or Unexpired Lease
- 0  Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:     Robert Torres, Jr. and Leyda Torres

Case No.: 19-12861

Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: 6/25/2019

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __MR__     Initial Debtor: __RT__     Initial Co-Debtor: __LT__

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ __1,850.00__ per __month__ to the Chapter 13 Trustee, starting on __July 1, 2019__ for approximately __55__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $4,310.00 |
| DOMESTIC SUPPORT OBLIGATION | | |
| Landis Sewer Authority | Municipal Charges | $175.00 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:    Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Fifth Third Bank | Residential Mortgage | $86,890.00 | None | $86,890.00 | $1,450.25 |
| Land Home Financial Services | Second Mortgage | $16,856.00 | None | $16,856.00 | $250.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**    ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**    ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

PNC Bank: second mortgage on 775 Streamview Lane, Vineland, NJ 08360

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 4,310.00 to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Secured Claims
4) Priority Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 2/27/2019_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To change the Plan from Loss Mitigation to Cure and Maintain | To change the Plan from Loss Mitigation to Cure and Maintain |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: June 25, 2019                                      /s/ Robert Torres, Jr.
                                                          Debtor

Date: June 25, 2019                                      /s/ Leyda Torres
                                                          Joint Debtor

Date: June 25, 2019                                      /s/ Moshe Rothenberg, Esq.
                                                          Attorney for Debtor(s)

```
                               United States Bankruptcy Court
                                     District of New Jersey
In re:                                                                  Case No. 19-12861-ABA
Robert Torres Jr.                                                       Chapter 13
Leyda Torres
         Debtors                       CERTIFICATE OF NOTICE
District/off: 0312-1           User: admin                 Page 1 of 2                  Date Rcvd: Jul 10, 2019
                               Form ID: pdf901             Total Noticed: 39


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 12, 2019.
db/jdb         +Robert Torres Jr.,    Leyda Torres,    775 Streamview Lane,    Vineland, NJ 08360-2479
lm            ++FIFTH THIRD BANK,    MD# ROPS05 BANKRUPTCY DEPT,    1850 EAST PARIS SE,
                 GRAND RAPIDS MI 49546-6253
               (address filed with court: Fifth Third Mortgage,     5001 Kingsley Drive,    1MOBBW,
                 Cincinnati, OH 45263)
518022702       A-1 Collections Servies,    2297 Highway 33 Ste 906,    Hamilton Square, NJ 08690-1717
518022703       AES,   PO Box 61047,    Harrisburg, PA 17106-1047
518022707       Credit COntrol LLC,    PO Box 546,    Hazelwood, MO 63042-0546
518022708       Dr John Marcucci,    556 N Harding Hwy,    Vineland, NJ 08360-8713
518022709       Fifth Third Bank,    5050 Kingsley Dr,    Cincinnati, OH 45227-1115
518120337      +Fifth Third Bank,    5001 Kingsley Drive 1MOBBW,    Cincinnati Ohio 45227-1114
518166048      +Fifth Third Bank,    Alexandra T. Garcia, Esq.,    McCABE, WEISBERG & CONWAY, LLC,
                 216 Haddon Avenue,    Suite 201,    Westmont, NJ 08108-2818
518022710       Inspira,   PO Box 48274,    Newark, NJ 07101-8474
518022712       Ivyrehab Network,    PO Box 416495,    Boston, MA 02241-6495
518188065      +Land Home Financial Services, Inc.,,    Rebecca A. Solarz, Esquire,
                 216 Haddon Avenue, Ste. 406,    Westmont, NJ 08108-2812
518022713      +Landis Sewer Authority,    1776 S Mill Rd,    Vineland, NJ 08360-6200
518022714      +Matthew Ryan veterinary Hospital,    3900 Delancey St,    Philadelphia, PA 19104-6043
518022715       McCabe Weissberg and Conway,    123 S Broad St Ste 1400,    Philadelphia, PA 19109-1060
518022716       PNC Bank,   PO Box 3180,    Pittsburgh, PA 15230-3180
518022718       Regional Womens Health Group,    PO Box 536,    Voorhees, NJ 08043-0536
518022721     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court: State of New Jersey,    Division of Taxation Bankruptcy Section,
                 PO Box 245,   Trenton, NJ 08695-0245)
518022719       Solar City,   PO Box 3500,    Draper, UT 84020-3500
518022720       South Jersey Gas,    PO Box 6091,   Bellmawr, NJ 08099-6091
518022722       The Bureaus,   650 Dundee Rd,    Northbrook, IL 60062-2747
518022723       University of Miami,    1252 Memorial Dr,    Coral Gables, FL 33146-2509
518022724       Vineland Municipal Authority,    640 E Wood St,    Vineland, NJ 08360-3722
518022725       Visigoth Solar LLC,    PO Box 3500,    Draper, UT 84020-3500

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 11 2019 00:47:39     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 11 2019 00:47:36     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518103336      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 11 2019 00:50:45
                 Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,   Norfolk VA 23541-1021
518022705       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jul 11 2019 00:50:42     Capital One Bank USA,
                 PO Box 30281,   Salt Lake City, UT 84130-0281
518022706       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 11 2019 00:47:24     Comenity Bank,
                 PO Box 182789,    Columbus, OH 43218-2789
518022711       E-mail/Text: cio.bncmail@irs.gov Jul 11 2019 00:47:06     Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
518161454      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 11 2019 00:50:01     LVNV Funding LLC,
                 c/o Resurgent Capital Services,    P O Box 10587,    Greenville, SC 29603-0587
518187634      +E-mail/Text: bankruptcydpt@mcmcg.com Jul 11 2019 00:47:35     Midland Funding LLC,
                 P.O. Box 2011,    Warren, MI 48090-2011
518022717       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 11 2019 00:49:57
                 Portfolio Recovery Associates LLC,    120 Corporate Blvd Ste 100,    Norfolk, VA 23502-4962
518187627       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 11 2019 01:01:05
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
518183133       E-mail/Text: bnc-quantum@quantum3group.com Jul 11 2019 00:47:29
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
518042725       E-mail/Text: bnc-quantum@quantum3group.com Jul 11 2019 00:47:29
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA 98083-0788
518025536      +E-mail/Text: gecsedi@recoverycorp.com Jul 11 2019 00:50:14     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518198107      +E-mail/Text: bankruptcy@trinityfs.com Jul 11 2019 00:47:58     Trinity Financial Services, LLC,
                 2618 San Miguel Drive, Suite 303,    Newport Beach, CA 92660-5437
518181106      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 11 2019 00:50:03     Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 15
```

```
District/off: 0312-1          User: admin              Page 2 of 2           Date Rcvd: Jul 10, 2019
                              Form ID: pdf901          Total Noticed: 39
```

```
          ***** BYPASSED RECIPIENTS (continued) *****

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518022704    ##Alpha Recovery,    5660 Greenwood Plaza Blvd Ste 101,    Greenwood Village, CO  80111-2417
                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2019                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 25, 2019 at the address(es) listed below:
```
              Alexandra T. Garcia    on behalf of Creditor    Fifth Third Bank as Successor by merger to Fifth
               Third Mortgage Company NJECFMAIL@mwc-law.com, nj-ecfmail@ecf.courtdrive.com
              Denise E. Carlon    on behalf of Creditor    Land Home Financial Services, Inc., as servicing agent
               for Trinity Financial Services, LLC dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Francis T. Tarlecki    on behalf of Loss Mitigation    Fifth Third Mortgage Njecfmail@mwc-law.com,
               ftarlecki.kashlaw@gmail.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jane L. McDonald    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
              Melissa S DiCerbo    on behalf of Loss Mitigation    Fifth Third Mortgage nj-ecfmail@mwc-law.com,
               nj-ecfmail@ecf.courtdrive.com
              Moshe   Rothenberg    on behalf of Joint Debtor Leyda   Torres moshe@mosherothenberg.com,
               alyson@mosherothenberg.com;ajohn880@gmail.com
              Moshe   Rothenberg    on behalf of Debtor Robert   Torres Jr. moshe@mosherothenberg.com,
               alyson@mosherothenberg.com;ajohn880@gmail.com
              Rebecca Ann Solarz    on behalf of Creditor    Land Home Financial Services, Inc., as servicing
               agent for Trinity Financial Services, LLC rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 11
```